# EXHIBIT A

Jonathan S. Goodgold, Esq.
Attorney ID # 012542001
**MAITLIN MAITLIN GOODGOLD BRASS & BENNETT**
**33 Bleeker Street, Suite 210**
**Millburn, New Jersey  07041**
**(973) 544-0800**
Attorneys for the Plaintiff,
Jason D. Cohen, MD, FACS

| | |
|---|---|
| JASON D. COHEN, MD, FACS | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: MONMOUTH COUNTY |
| Plaintiff(s) | |
| | Docket No.: MON-L-4446-19 |
| vs. | Civil Action |
| CIGNA LIFE AND HEALTH | |
| INSURANCE CO., John and Jane Does 1- | **CERTIFICATION OF DILIGENT INQUIRY** |
| 10 and ABC Corporations 1-10 | |
| Defendants | |

Jonathan S. Goodgold, Esq., of full age certifies as follows:

1.     I am the attorney for the Plaintiff, Jason D. Cohen, MD, FACS, ("Plaintiff") in the above-captioned matter.

2.     Upon information and belief, Defendant is headquartered in Connecticut with an address of 900 Cottage Grove Road, Bloomfield, CT 06002.

3.     A review of the file of my client and my own research (including on-line) reveals that Defendant has no address in New Jersey and is unable to be served in New Jersey.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.

Dated: December 19, 2019          _____
                                                    Jonathan S. Goodgold

**Jonathan S. Goodgold, Esq.**
**Attorney ID # 012542001**
**MAITLIN MAITLIN GOODGOLD BRASS & BENNETT**
**33 Bleeker Street, Suite 210**
**Millburn, New Jersey  07041**
**(973) 544-0800**
Attorneys for the Plaintiff,
Jason D. Cohen, MD, FACS

| | |
|---|---|
| JASON D. COHEN, MD, FACS | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MONMOUTH COUNTY |
| Plaintiff(s) | Docket No.: MON-L- |
| vs. | Civil Action |
| CIGNA LIFE AND HEALTH INSURANCE CO, John and Jane Does 1-10 and ABC Corporations 1-10 | COMPLAINT |
| Defendants | |

Plaintiff, Jason D. Cohen, MD, FACS, by and through his attorneys, Maitlin Maitlin Goodgold Brass & Bennett, as and for its Complaint against Defendants Cigna Life and Health Insurance Co., John and Jane Does 1-10 and ABC Corporations 1-10, says:

### THE PARTIES

1.     Plaintiff,  Jason D. Cohen, MD, FACS (hereinafter referred to as "Cohen" and "Plaintiff") with a business address of 776 Shrewsbury Avenue, Suite 201, Tinton Falls, County of Monmouth, and State of New Jersey, is now and was at all times relevant to this action a licensed provider of healthcare services in the State of New Jersey.

2.     Upon information and belief, at all relevant times, Defendant, Cigna Life and Health Insurance Co. (hereinafter referred to as "Cigna") was a corporation which conducted and continues to conduct significant business in the State of New Jersey.

3.     At all times relevant, upon information and belief fictitious Defendants John and Jane Does 1 through 10 and ABC Corporations 1 through 10, are yet to be identified entities who directly and proximately caused damages to Plaintiff.

**MAITLIN MAITLIN GOODGOLD BRASS & BENNETT**
33 BLEEKER STREET, SUITE 210
MILLBURN, NEW JERSEY 07041

## JURISDICTION AND VENUE

4.      Plaintiff's office is located in Tinton Falls, New Jersey; however, all medical services, which are the subject matter of this action, were rendered at Monmouth Medical Center.

5.      At all relevant times the Defendant resided in Hartford County, Connecticut.

6.      Patient, "WW" herein identified only by his Cigna Identification Number U5273549601 (hereinafter referred to as the "Patient") received medical benefits through the Defendant Cigna.

7.      At all relevant times, the Patient lived in Monmouth County, New Jersey.

8.      Plaintiff is proceeding on its own individual claims concerning medical services provided to the Patient.

9.      This matter is properly venued in State Court. None of Plaintiff's claims, as detailed infra, are governed by federal law, including the Employee Retirement Income Security Act("ERISA"). See Aetna Health Inc. v. Davilla 542 U.S. 200 (2004) (medical provider's claims not preempted by ER1SA where (1) the medical provider's claims arose from a contract independent of the ERISA plan; (2) the patients were not parties to the contract between the provider and insurer; and (3) the dispute was limited to the amount of the payment, not the right to be paid.)

10.      The amount in controversy is in excess of $75,000.

11.      For all the reasons stated above, this Court has jurisdiction over this matter and, further, it is the proper venue for this matter to be heard.

## FACTUAL BACKGROUND

12.      This dispute arises out of the Defendant's refusal to pay Plaintiff the money to which Plaintiff is entitled for providing medically necessary services to the Patient.

13.      At all relevant times, Plaintiff was a non-participating or out of-network provider that rendered medically necessary services to the Patient.

14.     The Patient was diagnosed with extruded L5 to S1 disk herniation, radiculopathy; L4-L5 stenosis.

15.     Following his evaluation, Dr. Cohen recommended proceeding with surgery.

16.     Prior to performing the surgery, which is the subject matter of this Complaint, the Plaintiff's office contacted the Defendant to request prior authorization for the surgery. The Plaintiff received authorization from the Defendant approving the rendering of surgical services to the Patient.

17.      Plaintiff provided pre-authorized medically-necessary surgery to the Patient on November 14, 2016, namely: Right L5-LS1 hemilaminectomy, excision of herniated nucleus pulposus; Right L4-L5 hemilaminectomy and foraminotomy; use of operative microscope.

18.     Surgery on November 14, 2016 was performed by Jason D. Cohen, M.D., who is Board Certified in Orthopedic Surgery.

19.     Plaintiff billed Defendant Cigna for the surgeon charges a total of $77,765.00.

20.     The total billed charges of $77,765.00 for this medically necessary treatment represents normal and reasonable charges for the complex procedures performed by a Board-Certified Orthopedic Surgeon practicing in New Jersey.

21.     Defendant Cigna paid a total of $1,815.38 toward these reasonable charges, leaving the Patient with a balance due on this bill of $75,949.62.

22.     While Defendant was aware that Plaintiff was an out of network provider, Defendant never disclosed that it did not intend to pay for said services. To the contrary, Defendant induced Plaintiff to provide the medical services with the explicit knowledge that Defendant never intended to pay the amounts they were obligated to pay.

MAITLIN MAITLIN GOODGOLD BRASS & BENNETT
33 BLEEKER STREET, SUITE 210
MILLBURN, NEW JERSEY  07041

**FIRST COUNT**
**(Breach of Contract)**

23.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein at length.

24.     Plaintiff hereby alleges that an implied in-fact contract has been created through Defendant's course of conduct and interaction with Plaintiff (hereinafter referred to as the "Contract").

25.     By authorizing the surgery, Defendant agreed to pay the fair and reasonable rates for the medical services provided by Plaintiff and Plaintiff performed said services based upon those terms.

26.     This implied Contract indicated that Plaintiff would be paid by Defendant a fair and reasonable amount for the highly skilled services provided by the Plaintiff.

27.     However, Plaintiff was paid only a fraction--$1,815.38--of the usual, customary and reasonable amount of $77,765.00, for the highly skilled services provided to the Patient.

28.     Plaintiff has suffered significant damages as a result of Defendant's actions.

29.     As a direct result of Defendant's breach of the Contract, Plaintiff has been damaged in an amount to be determined at trial, but not less than $75,949.62, plus interest, costs, and attorneys' fees.

**SECOND COUNT**
**(Promissory Estoppel)**

30.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth-in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein at length.

31.     By providing a pre-surgery authorization to Plaintiff, Defendant promised that Plaintiff would be paid for his services at a fair and reasonable rate.

MAITLIN MAITLIN GOODGOLD BRASS & BENNETT
33 BLEEKER STREET, SUITE 210
MILLBURN, NEW JERSEY 07041

32.     Plaintiff relied upon this promise to its detriment by spending valuable time, resources, and energy in providing medical, services to the Patient.

33.     Plaintiff has suffered significant damages as a result of Defendant's actions.

34.     As a direct result of Defendant's refusal to pay Plaintiff the fair and reasonable value for the services Plaintiff provided at the behest of Defendant, Plaintiff has been damaged in an amount to be determined at trial, but not less than $75,949.62, plus interest, costs and attorney's fees.

## THIRD COUNT
### (Account Stated)

35.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein at length.

36.     After providing the medical services, which were authorized by Defendant, Plaintiff submitted bills and requests for payment to Defendant in the sum total of $77,765.00.

37.     To date, Defendant has acknowledged receipt of the bills, and have paid a small portion, $1,815.38, of the invoices, but have not objected, in any manner to the billed amounts, including, inter alia, the amount billed or to the services provided.

38.     Plaintiff has suffered significant damages as a result of Defendant's actions.

39.     As a direct result of Defendant's refusal to pay Plaintiff for the medical services provided and billed to Defendant who acknowledged receipt without objection, Plaintiff has been damaged in an amount to be determined at trial, but not less than $75,949.62, plus interest, costs, and attorneys' fees.

## FOURTH COUNT
### (Fraudulent Inducement)

40.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein at length.

MAITLIN MAITLIN GOODGOLD BRASS & BENNETT
33 BLEEKER STREET, SUITE 210
MILLBURN, NEW JERSEY 07041

41.     By providing a pre-surgery authorization to Plaintiff, Defendant induced Plaintiff to provide the medical services requested by the Patient.

42.     Inherent in the authorization was the promise to pay Plaintiff the fair and reasonable value for the services provided.

43.     Relying upon Defendant's promise to pay, Plaintiff provided the necessary medical services requested by the Patient.

44.     Unbeknownst to Plaintiff, Defendant never intended to pay the Plaintiff for the fair and reasonable value for the medical services provided, instead inducing Plaintiff to provide the medical services with the intent to pay Plaintiff far less than 2.5% of the fair and reasonable value of the medical services provided, Plaintiff would have elected not to provide the services.

45.     Plaintiff has suffered significant damages as a result of Defendant's actions.

46.     As a direct result of Defendants refusal to pay Plaintiff the fair and reasonable value for the services, which Plaintiff provided at the behest of Defendant, Plaintiff has been damaged in an amount to be determined at trial, but not less than $75,949.62, plus interest, costs, and attorneys' fees.

WHEREFORE, Plaintiff respectfully demands judgment against the Defendants:

a)      As and for its first cause of action, for breach of an implied contract in an amount to be determined at trial, but not less than $75,949.62, along with its reasonable attorneys' fees, interest, costs and expenses; and

b)      As and for its second cause of action, under the theory of promissory estoppel, in an amount to be determined at trial, but not less than $75,949.62, along with its reasonable attorneys' fees, interest, costs and expenses; and

c)      As and for its third cause of action for an account stated; in an amount to be determined at trial, but not less than $75,949.62, along with its reasonable attorneys' fees, interest, costs and expenses;

MAITLIN MAITLIN GOODGOLD BRASS & BENNETT
33 BLEEKER STREET, SUITE 210
MILLBURN, NEW JERSEY  07041

d)    As and for its fourth cause of action for fraudulent inducement in an amount to be determined at trial, but not less than $75,949.62, along with its reasonable attorneys' fees, interest, costs and expenses; and

e)    Such other and further relief to plaintiff as this Court deems just, fair, and proper.

**MAITLIN MAITLIN GOODGOLD BRASS & BENNETT**
Attorneys for Plaintiff,
Jason D. Cohen, MD, FACS

By: _____
Jonathan S. Goodgold

Dated:  December 18, 2019

MAITLIN MAITLIN GOODGOLD BRASS & BENNETT
33 BLEEKER STREET, SUITE 210
MILLBURN, NEW JERSEY  07041

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Jonathan S. Goodgold, Esquire is hereby designated as trial counsel.

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify that pursuant to R. 4:5-1 that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding related to claims arising from medical services provided from Plaintiff to the Patient. No such action or arbitration proceeding is contemplated by Plaintiff at this time.

## CERTIFICATION PURSUANT TO R. 1:38-7(b)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

MAITLIN MAITLIN GOODGOLD
BRASS & BENNETT
Attorneys for Plaintiff,
Jason D. Cohen, MD, FACS

By: _____
　　　Jonathan S. Goodgold

Dated:   December 18, 2019

MAITLIN MAITLIN GOODGOLD BRASS & BENNETT
33 BLEEKER STREET, SUITE 210
MILLBURN, NEW JERSEY  07041

**Jonathan S. Goodgold, Esq.**
**Attorney ID # 012542001**
**MAITLIN MAITLIN GOODGOLD BRASS & BENNETT**
**33 Bleeker Street, Suite 210**
**Millburn, New Jersey  07041**
**(973) 544-0800**
Attorneys for the Plaintiff,
Jason D. Cohen, MD, FACS

| | |
|---|---|
| JASON D. COHEN, MD, FACS | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MONMOUTH COUNTY |
| Plaintiff(s) | Docket No.: MON-L- |
| vs. | Civil Action |
| UNITED HEALTHCARE SERVICES, INC., John and Jane Does 1-10 and ABC Corporations 1-10 | COMPLAINT |
| Defendants | |

*(left margin, vertical text)* **MAITLIN MAITLIN GOODGOLD BRASS & BENNETT** 33 BLEEKER STREET, SUITE 210 MILLBURN, NEW JERSEY 07041

Plaintiff, Jason D. Cohen, MD, FACS, by and through his attorneys Maitlin Maitlin Goodgold Brass & Bennett and as and for its Complaint against Defendants United Healthcare Services, Inc., John and Jane Does 1-10 and ABC Corporations 1-10, says:

**THE PARTIES**

1.     Plaintiff,  Jason D. Cohen, MD, FACS (hereinafter referred to as "Cohen" and "Plaintiff") with a business address of 776 Shrewsbury Avenue, Suite 201, Tinton Falls, County of Monmouth, and State of New Jersey, is now and was at all times relevant to this action a licensed provider of healthcare services in the State of New Jersey.

2.     Upon information and belief, at all relevant times, Defendant United Healthcare Services, Inc. (hereinafter referred to as "UHC") was a corporation whose headquarters are located at 9900 Bren Road East, Minnetonka, Minnesota, which conducted and continues to conduct significant business in the State of New Jersey.

3.      At all times relevant, upon information and belief fictitious Defendants John and Jane Does 1 through 10 and ABC Corporations 1 through 10, are yet to be identified entities who directly and proximately caused damages to Plaintiff.

### JURISDICTION AND VENUE

4.      Plaintiff's office is located in Tinton Falls, New Jersey; however, all medical services, which are the subject matter of this action, were rendered at Monmouth Medical Center.

5.      At all relevant times the Defendant resided in Minnetonka, Minnesota.

6.      Patient, "EK" herein identified only by his UHC Identification Number 940504028 (hereinafter referred to as the "Patient") received medical benefits through the Defendant UHC.

7.      At all relevant times, the Patient lived in Ulster County, New York.

8.      Plaintiff is proceeding on its own individual claims concerning medical services provided to the Patient.

9.      This matter is properly venued in State Court. None of Plaintiff's claims, as detailed infra, are governed by federal law, including the Employee Retirement Income Security Act("ERISA"). See Aetna Health Inc. v. Davilla 542 U.S. 200 (2004) (medical provider's claims not preempted by ER1SA where (1) the medical provider's claims arose from a contract independent of the ERISA plan; (2) the patients were not parties to the contract between the provider and insurer; and (3) the dispute was limited to the amount of the payment, not the right to be paid.)

10.      The amount in controversy is in excess of $210,000.

11.      For all the reasons stated above, this Court has jurisdiction over this matter and, further, it is the proper venue for this matter to be heard.

MAITLIN MAITLIN GOODGOLD BRASS & BENNETT
33 BLEEKER STREET, SUITE 210
MILLBURN, NEW JERSEY  07041

**FACTUAL BACKGROUND**

12.     This dispute arises out of the Defendant's refusal to pay Plaintiff the money to which Plaintiff is entitled for providing medically necessary services to the Patient.

13.     At all relevant times, Plaintiff was a non-participating or out of-network provider that rendered medically necessary services to the Patient.

14.     The Patient was diagnosed with L2-L3 extruded disc herniation, spinal stenosis and extraforaminal disc herniation.

15.     Following his evaluation, Dr. Cohen recommended proceeding with surgery.

16.     Prior to performing the surgery, which is the subject matter of this Complaint, the Plaintiff's office contacted the Defendant to request prior authorization for the surgery. The Plaintiff received authorization from the Defendant approving the rendering of surgical services to the Patient.

17.      Plaintiff provided pre-authorized, medically- necessary surgery to the Patient on March 10, 2017, namely: Right L2 hemilaminectomy, excision of L2-L3 discectomy, transforaminal decompression of L2 nerve root, extraforaminal decompression, use of the operative microscope.

18.     Surgery on March 10, 2017 was performed by Jason D. Cohen, M.D., who is Board Certified in Orthopedic Surgery.

19.     Plaintiff billed Defendant UHC for the surgeon charges a total of $216,933.00.

20.     The total billed charges of $216,933.00 for this medically necessary treatment represents normal and reasonable charges for the complex procedures performed by a Board Certified Orthopedic Surgeon practicing in New Jersey.

MAITLIN MAITLIN GOODGOLD BRASS & BENNETT
33 BLEEKER STREET, SUITE 210
MILLBURN, NEW JERSEY 07041

21.     Defendant UHC paid a total of $2,984.87 toward these reasonable charges, leaving the Patient with a balance due on this bill of $213,948.13.

22.     While Defendant was aware that Plaintiff was an out of network provider, Defendant never disclosed that it did not intend to pay for said services. To the contrary, Defendant induced Plaintiff to provide the medical services with the explicit knowledge that Defendant never intended to pay the amounts they were obligated to pay.

## FIRST COUNT
### (Breach of Contract)

23.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein at length.

24.     Plaintiff hereby alleges that an implied in-fact contract has been created through Defendant's course of conduct and interaction with Plaintiff (hereinafter referred to as the "Contract").

25.     By authorizing the surgery, Defendant agreed to pay the fair and reasonable rates for the medical services provided by Plaintiff and Plaintiff performed said services based upon those terms.

26.     This implied Contract indicated that Plaintiff would be paid by Defendant a fair and reasonable amount for the highly skilled services provided by the Plaintiff.

27.     However, Plaintiff was paid only a fraction--$2,984.87 --of the usual, customary and reasonable amount of $216,933.00, for the highly skilled services provided to the Patient.

28.     Plaintiff has suffered significant damages as a result of Defendant's actions.

29.     As a direct result of Defendant's breach of the Contract, Plaintiff has been damaged in an amount to be determined at trial, but not less than $213,948.13, plus interest, costs, and attorneys' fees.

MAITLIN MAITLIN GOODGOLD BRASS & BENNETT
33 BLEEKER STREET, SUITE 210
MILLBURN, NEW JERSEY 07041

**SECOND COUNT**
**(Promissory Estoppel)**

30.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth-in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein at length.

31.     By providing a pre-surgery authorization to Plaintiff, Defendant promised that Plaintiff would be paid for his services at a fair and reasonable rate.

32.     Plaintiff relied upon this promise to its detriment by spending valuable time, resources, and energy in providing medical, services to the Patient.

33.     Plaintiff has suffered significant damages as a result of Defendant's actions.

34.     As a direct result of Defendant's refusal to pay Plaintiff the fair and reasonable value for the services Plaintiff provided at the behest of Defendant, Plaintiff has been damaged in an amount to be determined at trial, but not less than $213,948.13, plus interest, costs and attorney's fees.

**THIRD COUNT**
**(Account Stated)**

35.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein at length.

36.     After providing the medical services, which were authorized by Defendant, Plaintiff submitted bills and requests for payment to Defendant in the sum total of $213,948.13.

37.     To date, Defendant has acknowledged receipt of the bills, and have paid a small portion, $2,984.87, of the invoices, but have not objected, in any manner to the billed amounts, including, inter alia, the amount billed or to the services provided.

38.     Plaintiff has suffered significant damages as a result of Defendant's actions.

MAITLIN MAITLIN GOODGOLD BRASS & BENNETT
33 BLEEKER STREET, SUITE 210
MILLBURN, NEW JERSEY  07041

39.     As a direct result of Defendant's refusal to pay Plaintiff for the medical services provided and billed to Defendant who acknowledged receipt without objection, Plaintiff has been damaged in an amount to be determined at trial, but not less than $213,948.13, plus interest, costs, and attorneys' fees.

## FOURTH COUNT
### (Fraudulent Inducement)

40.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein at length.

41.     By providing a pre-surgery authorization to Plaintiff, Defendant induced Plaintiff to provide the medical services requested by the Patient.

42.     Inherent in the authorization was the promise to pay Plaintiff the fair and reasonable value for the services provided.

43.     Relying upon Defendant's promise to pay, Plaintiff provided the necessary medical services requested by the Patient.

44.     Unbeknownst to Plaintiff, Defendant never intended to pay the Plaintiff for the fair and reasonable value for the medical services provided, instead inducing Plaintiff to provide the medical services with the intent to pay Plaintiff far less than 2% of the fair and reasonable value of the medical services provided, Plaintiff would have elected not to provide the services.

45.     Plaintiff has suffered significant damages as a result of Defendant's actions.

46.     As a direct result of Defendants refusal to pay Plaintiff the fair and reasonable value for the services, which Plaintiff provided at the behest of Defendant, Plaintiff has been damaged in an amount to be determined at trial, but not less than $213,948.13, plus interest, costs, and attorneys' fees.

WHEREFORE, Plaintiff respectfully demands judgment against the Defendants:

**MAITLIN MAITLIN GOODGOLD BRASS & BENNETT**
33 BLEEKER STREET, SUITE 210
MILLBURN, NEW JERSEY 07041

a)      As and for its first cause of action, for breach of an implied contract in an amount to be determined at trial, but not less than $213,948.13, along with its reasonable attorneys' fees, interest, costs and expenses; and

b)      As and for its second cause of action, under the theory of promissory estoppel, in an amount to be determined at trial, but not less than $213,948.13, along with its reasonable attorneys' fees, interest, costs and expenses; and

c)      As and for its third cause of action for an account stated; in an amount to be determined at trial, but not less than $213,948.13, along with its reasonable attorneys' fees, interest, costs and expenses;

d)      As and for its fourth cause of action for fraudulent inducement in an amount to be determined at trial, but not less than $213,948.13, along with its reasonable attorneys' fees, interest, costs and expenses; and

e)      Such other and further relief to plaintiff as this Court deems just, fair, and proper.

**MAITLIN MAITLIN GOODGOLD**
**BRASS & BENNETT**
Attorneys for Plaintiff,
Jason D. Cohen, MD, FACS

By: _____
       Jonathan S. Goodgold

Dated:   December 5, 2019

MAITLIN MAITLIN GOODGOLD BRASS & BENNETT
33 BLEEKER STREET, SUITE 210
MILLBURN, NEW JERSEY  07041

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Jonathan S. Goodgold, Esquire is hereby designated as trial counsel.

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify that pursuant to R. 4:5-1 that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding related to claims arising from medical services provided from Plaintiff to the Patient. No such action or arbitration proceeding is contemplated by Plaintiff at this time.

## CERTIFICATION PURSUANT TO R. 1:38-7(b)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

**MAITLIN MAITLIN GOODGOLD
BRASS & BENNETT**
Attorneys for Plaintiff,
Jason D. Cohen, MD, FACS

By: _____
       Jonathan S. Goodgold

Dated:   December 5, 2019

**MAITLIN MAITLIN GOODGOLD BRASS & BENNETT**
33 BLEEKER STREET, SUITE 210
MILLBURN, NEW JERSEY 07041

# Civil Case Information Statement

## Case Details: MONMOUTH | Civil Part Docket# L-004446-19

**Case Caption:** JASON D. COHEN, MD,  FACS  VS CIGNA
LIFE AND HEAL

**Case Initiation Date:** 12/18/2019

**Attorney Name:** JONATHAN S GOODGOLD

**Firm Name:** MAITLIN MAITLIN GOODGOLD BRASS &
BENNETT

**Address:** 33 BLEEKER ST STE. 210

MILLBURN NJ 07041

**Phone:** 8622067120

**Name of Party:** PLAINTIFF : Jason D. Cohen, MD, FACS

**Name of Defendant's Primary Insurance Company**

(if known): None

**Case Type:** BOOK ACCOUNT (DEBT COLLECTION MATTERS
ONLY)

**Document Type:** Complaint

**Jury Demand:** NONE

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Are sexual abuse claims alleged?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>12/18/2019</u>
Dated

<u>/s/ JONATHAN S GOODGOLD</u>
Signed

**SUPERIOR COURT OF NEW JERSEY - eCOURTS CIVIL LAW**

The following deficiency notice is being sent from eCourts:

Plaintiff Name:        JASON D. COHEN, MD, FACS
Defendant Name:        JOHN AND JANE DOE 1-10, CIGNA LIFE AND HEALTH INSURANCE CO.                    , ABC CORPORATION
                       1-10
Case Caption:          JASON D. COHEN, MD,  FACS  VS CIGNA LIFE AND HEAL
Case Number:           MON L 004446-19
Docket Text:           <span style="color:red">**DEFICIENCY NOTICE:**</span> re: AMENDED COMPLAINT LCV2019342714 -Document submitted does not include docket
                       number or the words "Amended Complaint". Please correct document and resubmit. CM
Transaction ID:        LCV202011253

**Notice has been electronically mailed to:**
Plaintiff Attorney        JONATHAN S GOODGOLD            JSG@MMGBBLAW.COM
                                                         MAS@MMGBBLAW.COM

**Notice was not electronically mailed to:**
Defendant        JOHN AND JANE DOE 1-10                            NJ 00000
Defendant        CIGNA LIFE AND HEALTH                             900 COTTAGE GROVE ROAD, BLOOMFIELD, CT 06002
                 INSURANCE CO.
Defendant        ABC CORPORATION 1-10                              NJ 00000

Login to eCourts to view the Case Jacket. You will need a valid user ID (Bar ID) to view the submitted documents.

For questions, please contact the Superior Court of New Jersey Civil Division in county of venue.

This communication is for notification purposes only.

This email was sent from a notification-only address that cannot accept incoming mail. Please do not reply to this message.

```
MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1269
FREEHOLD            NJ 07728
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (732) 358-8700
COURT HOURS  8:30 AM - 4:30 PM


                        DATE:   DECEMBER 18, 2019
                        RE:     JASON D. COHEN, MD,  FACS  VS CIGNA LIFE AND HEAL
                        DOCKET: MON L -004446 19


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 1.

     DISCOVERY IS   150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON ANDREA I. MARSHALL

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (732) 358-8700.


      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                            ATT: JONATHAN S. GOODGOLD
                            MAITLIN MAITLIN GOODGOLD BRASS
                            33 BLEEKER ST
                            STE. 210
                            MILLBURN          NJ 07041


ECOURTS
```